# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **ANNA BELLE NEWMAN,** | } |
| Plaintiff, | } |
| v. | }   Case No.: 2:05-CV-2507-RDP |
| **ALLSTATE INSURANCE COMPANY, et al.,** | } |
| Defendants. | } |

## MEMORANDUM OPINION

**I.   INTRODUCTION**

Pending before the court is Defendant Jerri Dillard's Motion to Dismiss (Doc. #2) filed on December 7, 2005, and entered on December 9, 2005. Plaintiff filed her response (Doc. #7) on December 19, 2005. Defendant Dillard then filed two reply briefs: (Doc. #8) on December 22, 2005, followed by (Doc. #9) on December 30, 2005. Plaintiff filed a surreply (Doc. #10) on January 9, 2006.

Plaintiff Anna Belle Newman is the personal representative of the estate of DeWillis Young. This lawsuit arises out of an automobile accident and subsequent death of Mr. Young, who was a passenger in the car that wrecked in Mobile County on November 16, 1999. (Doc. #1 at Compl. at 6 ¶ 1). The issue for the court to decide is whether Plaintiff is able to state a claim for bad faith refusal to pay benefits under Alabama law against an individual defendant who is an agent of an insurer. As explained below, because the court concludes that Alabama law does not recognize a claim of bad faith against an individual insurance agent, regardless of whether the individual is in sales or an adjuster, Dillard's Motion to Dismiss is due to be granted.

**II.     STANDARD OF REVIEW**

Dillard has challenged the sufficiency of Claim III of Plaintiff's Complaint (*i.e.*, the claim for bad faith refusal to pay pursuant to Alabama common law) under Federal Rule of Civil Procedure 12(b)(6), which provides for dismissal of a cause of action for failure to state a claim upon which relief may be granted. (*See* Doc. #1 at Compl. at Claim III). A court may dismiss a complaint (or a portion thereof) under Rule 12(b)(6) only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims which would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In deciding a Rule 12(b)(6) motion, the court must "accept all well-pleaded factual allegations in the complaint as true and construe the facts in a light most favorable to the non-moving party." *Dacosta v. Nwachukwa*, 304 F.3d 1045, 1047 (11th Cir. 2002) (citing *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998)). "[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (quoting *Marsh v. Butler County*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001)).

Further, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory [s]he relies upon since the court must determine if the allegations provide for relief on *any* possible theory." *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (emphasis in original) (citing *Robertson v. Johnston*, 376 F.2d 43 (5th Cir. 1967)). Finally, "[t]he threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is . . . 'exceedingly low.'" *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985) (quoting *Quality Foods de Centro America, S.A. v. Latin American*

*Agribusiness Dev.*, 711 F.2d 989, 995 (11th Cir. 1983)).

### III.   ANALYSIS

In order to prove bad faith refusal to pay under Alabama law, a plaintiff must show:

> (a) an insurance contract between the parties and a breach thereof by the defendant;
> (b) an intentional refusal to pay the insured's claim;
> (c) the absence of any reasonably legitimate or arguable reason for that refusal (the absence of a debatable reason);
> (d) the insurer's actual knowledge of the absence of any legitimate or arguable reason;
> (e) if the intentional failure to determine the existence of a lawful basis is relied upon, the plaintiff must prove the insurer's intentional failure to determine whether there is a legitimate or arguable reason to refuse to pay the claim.

*National Sec. Fire & Cas. Co. v. Bowen*, 417 So. 2d 179, 183 (Ala.1982).  Therefore, the initial *prima facie* element for bad faith requires evidence of an insurance contract between the parties. Typically, a plaintiff may only maintain a bad faith claim when she is able to demonstrate that she is entitled to a directed verdict on the breach of the insurance contract claim:

> We have stated that "in a normal case, to sustain a bad faith claim the plaintiff must prove that when the insurer denied the claim there was no debatable or arguable issue of fact or law justifying the denial; that is, a plaintiff normally must be entitled to a directed verdict on the insurance contract in order to be able to recover for bad faith."

*McGuire v. State Farm Mut. Auto. Ins. Co.*, 582 So. 2d 1077, 1078-79 (Ala. 1991) (citing *Union Bankers Ins. Co. v. McMinn*, 541 So. 2d 494, 497 (Ala.1989); *Chavers v. National Security Fire Ins. Co.*, 405 So. 2d 1 (Ala. 1981); *Gulf Atlantic Life Ins. Co. v. Barnes*, 405 So. 2d 916 (Ala. 1981)).

In this case, there are no allegations relating to the existence of an insurance contract between Plaintiff or Plaintiff's decedent, on the one hand, and Dillard, on the other; rather, the insurance contract identified in the Complaint is between Plaintiff's decedent (the insured), and Allstate Insurance Company and/or Allstate Property and Casualty Insurance Company (the insurer) ("Allstate"). (Doc. #1 at Compl. at 10 ¶ 2).  Dillard's function as an agent for Allstate in her capacity

as an adjuster does not subject her to personal liability for any alleged breach of the insurance contract.  (*Id.* at 9 ¶ 1).  Moreover, because Dillard may not be held liable for a breach of the insurance contract as a matter of law, *a fortiori*, she cannot be subject to bad faith liability either.  As stated succinctly by the Supreme Court of Alabama in *Ligon Furniture Co., Inc. v. O.M. Hughers Ins., Inc.*, 551 So. 2d 283 (Ala. 1989):

> *Bad Faith:*  The tort of "bad faith" is not a cognizable cause of action in Alabama, except in the context of a breach of an insurance contract, *Keaton v. Bank of Red Bay*, 466 So. 2d 937 (Ala.1985); *Peninsular Life Ins. Co. v. Blackmon*, 476 So. 2d 87 (Ala.1985), by a party to that insurance contract, *Gray v. Great American Reserve Ins. Co.*, 495 So. 2d 602 (Ala.1986).

*Id.* at 285.

While Plaintiff has opposed Dillard's motion,[1] she has not pointed to any binding authority that supports her theory that Alabama law recognizes a plaintiff's right to pursue a bad faith claim against an individual insurance agent.  Moreover, the court, through its independent research, has similarly failed to find any support for such a theory.  Furthermore, Dillard has provided the court with a copy of an unpublished decision from the Middle District of Alabama, in which Magistrate Judge Susan Walker persuasively reached the same conclusion in the context of an insurance sales agent.  *See Cleavland v. Fidelity & Guaranty Life Ins. Co.*, 2005 WL 3115282, * 3 (M.D. Ala. 2005).  Finally, as discussed above, Plaintiff's pleading does not even attempt to state a contract claim against Dillard.  Accordingly, Dillard has met her burden of demonstrating that Plaintiff can prove

---

[1] Interestingly, although this case was removed based upon Defendant's assertion that Dillard's joinder was fraudulent (*see* Doc. #1), Plaintiff has not filed a motion to remand the case back to the Circuit Court for Jefferson County.  Obviously, if Dillard was not fraudulently joined, the court cannot maintain jurisdiction over this case.  "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court."  *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir. 1983), *superceded by statute on other grounds* as stated in *Wilson v. General Motors Corp.*, 888 F.2d 779 (11th Cir. 1989).

no set of facts to entitle a judgment against her, personally, for bad faith.

## IV.     CONCLUSION

Defendant Dillard has met her burden of demonstrating that the claim asserted against her fails to state a claim under Rule 12(b)(6). Accordingly, the court will enter an order consistent with this Memorandum Opinion dismissing Defendant Dillard from this action.

**DONE** and **ORDERED** this ___18th___ day of January, 2006.

                                     /s/ R. David Proctor
                                     **R. DAVID PROCTOR**
                                     UNITED STATES DISTRICT JUDGE